RODRÍGUEZ, PLAINTIFF AND APPELLANT, *v.* REYES ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao in an Action of Intervention in Ownership of Real Property.

No. 1129.—Decided June 23, 1914.

INTERVENTION IN OWNERSHIP OF REAL PROPERTY—DEFECTIVE COMPLAINT—CONCLUSION OF LAW.—The complaint in this case alleges that the property attached includes a part of the plaintiff's house, but the descriptions of the two houses do not show that the plaintiff's property adjoins that of the defendant. *Held:* That the complaint is defective because the said allegation is a conclusion of law.

ID.—RESTITUTION OF PROPERTY ATTACHED.—The essential object of an action of intervention in ownership of real property is to claim the ownership and restitution of the property attached or of a specified part thereof.

ID.—ERRONEOUS ATTACHMENT—ACTS OF MARSHAL.—When a claim is made to property erroneously attached by the marshal and there is no showing in the transcript of the record as to whether the marshal made return of the writ of attachment after service or gave a description of the property to the court or to the registry of property or took actual possession of the prop-

erty, this court has no grounds upon which to decide whether the plaintiff has really suffered any damage by having been deprived of a part of his property.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

*Messrs Aponte & Aponte* for respondent Vitalina Reyes Peña.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case sets up substantially that Braulio Rodríguez Pérez is suing Vitalina Reyes Peña and the Succession of Plácido y Francisco Rodríguez; that the complainant is the owner of the lot of which the following is a sufficient description for the purposes of this case, namely, the house measures 10.15 meters in front by 13.80 meters in depth and has a prolongation or L on the left side entering 13.13 meters long by 5.40 meters wide. The lot belongs to the municipality of Humacao and measures 11 meters in front, 10 meters on the rear and 26.25 meters on each side. The whole property is bounded on the right entering by a house belonging to Vitalina Reyes and the Succession of Francisco Rodríguez; on the left by a house belonging to the conjugal partnership of Alfonso Faura y Ríos and Orosia de Lema, the two houses being joined, and by a vacant lot on which there stood formerly a house belonging to Juana Font; on the rear by the courtyard of a house belonging to Vitalina Reyes; on the front by said Santa Rosa Street. That in case No. 2923—the complaint goes on to say—begun before the District Court of Humacao by Vitalina Reyes Peña against the Succession of Plácido y Francisco Rodríguez, the marshal of that court, to secure a judgment, attached the following described property: A frame house on La Cruz Street of the city of Humacao, bounded on the front, or east, by the said street; on the right entering, or north, by a house formerly belonging to Monserrate Peña, now to Pilar Ruiz; on the left, or south, by another house belonging to Pilar Ruiz, formerly to Monserrate Peña; on the rear, or west,

by the rear of the properties which formerly belonged to Ulises Martínez and Ramón Granado and now belonging to Alfonso Faura. That in the attachment aforesaid a part of the extension or L of the complainant's house is improperly included to the extent of ten meters in length and it is alleged, furthermore, that the house attached does not now adjoin the property of Alfonso Faura and did not formerly adjoin the property of Ulises Martínez and Ramón Granado. And the complainant prayed that property to the extent of 10.40 meters be exempted from the effects of the attachment.

This suit was admittedly for the trial of right of real property. The defendant demurred on the ground that the complaint did not state a cause of action and the court sustained the demurrer and gave as its reasons that the action of the trial of the right of real property is for the releasing of the property of third persons wrongfully attached and that it is an essential of such action to allege the ownership of the property attached; that in the present case an attachment was directed against a piece of property indivisible in its nature and if the boundaries of the property attached were different or had been changed so that a part of the L was wrongfully included, the proper action would be in reivindication or for the determination of boundaries.

The complaint asserts that the property as described includes a part of the L of the complainant, but so far as we can follow the facts of the description of the two properties this assertion is a conclusion of the complainant and not a deduction from such facts or description. We think the complaint is bad for this reason alone, inasmuch as the two properties are not shown by their terms to coincide or overlap.

Furthermore, we agree with the court and the respondent that a complaint for the trial of the right of real property should claim the ownership and devolution of the property attached or a specific part thereof.

A difficulty of this case is that we do not know exactly what steps the marshal took. The complainant says the mar-

shal attached a certain piece of property which he describes, but we do not know whether the marshal made a return or sent a description to the court or to the registry of property or whether he entered into physical possession of the L alleged to be under attachment. Until we know definitely that a specific piece of property belonging to the complainant has been seized or taken possession of by the marshal we cannot find that the complainant has suffered any injury. It may be that he will never be disturbed in his possession or the right thereof.

There is nothing in the complaint to show the right of the complainant and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.